IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MADDALONE,

        Plaintiff,                    No. CIV S-07-1828 MCE EFB P

    vs.

SOLANO COUNTY, et al.,

        Defendants.            ORDER

                              /

        Plaintiff is an inmate confined in a county jail proceeding without counsel in a civil rights action. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

        Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

////

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim against defendants MacKay, Park, Kent and Bassett for the use of excessive force, defendants P. Willey and Thompson for providing inadequate medical care, and against Smith for retaliation.. *See* 28 U.S.C. § 1915A.

The complaint does not state a cognizable claim against the County of Solano or Dr. Katavari.

Plaintiff may proceed forthwith to serve defendants Bassett, Kent, MacKay, Park, Thompson and Willey, and pursue his claims against only those defendants or he may delay serving any defendant and attempt [again] to state a cognizable claim against the County of Solano and Dr. Katavari.

Plaintiff names as a defendant the County of Solano. Also, he purports to sue a person by identified as Dr. Katavari. Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Local governments, however, are subject to liability for the constitutional torts of their officials when an individual with final policy making authority acts pursuant to an official policy or custom or fails to act based on a policy of inaction amounting to the knowing disregard of a person's rights. *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The County of Solano is a local government. Plaintiff's allegations are insufficient for the court to find that the County is subject to liability for the conduct of its officials. Furthermore, the court has found no allegations in the complaint sufficient to find that Dr. Katavari may have violated plaintiff's rights. Thus, to proceed against these two defendants, plaintiff must file an amended complaint.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the County of Solano and Dr. Katavari, he has 30 days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Bassett, Kent, MacKay, Park, Thompson and Willey, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants the County of Solano and Dr. Katavari without prejudice.

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80 A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons

who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a second amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire

1 action, including his claims against defendants Bassett, Kent, MacKay, Park, Thompson and
2 Willey.

3     Accordingly, the court hereby orders that:

4     1. Plaintiff's request to proceed *in forma pauperis* is granted.

5     2. Plaintiff is must pay the statutory filing fee of $350 for this action.  All payments shall
6 be collected and paid in accordance with the notice to the Solano County Sheriff filed
7 concurrently herewith.

8     3. Claims against defendants the County of Solano and Dr. Katavari are dismissed with
9 leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to
10 attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his
11 complaint.

12     4. The allegations in the pleading are sufficient at least to state cognizable claims against
13 defendants Bassett, Kent, MacKay, Park, Thompson and Willey.  *See* 28 U.S.C. § 1915A.  With
14 this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the
15 pleading filed September 5, 2007, six USM-285 forms and instructions for service of process on
16 defendants Bassett, Kent, MacKay, Park, Thompson and Willey.  Within 20 days of service of
17 this order plaintiff may return the attached Notice of Submission of Documents with the
18 completed summons, the completed USM-285 forms, and seven copies of the September 5,
19 2007, endorsed  complaint.  The court will transmit them to the United States Marshal for service
20 of process pursuant to Fed. R. Civ. P. 4.  Defendants Bassett, Kent, MacKay, Park, Thompson
21 and Willey will be required to respond to plaintiff's allegations within the deadlines stated in
22 Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed
23 forthwith as consent to an order dismissing his defective claims against defendants the County of
24 Solano and Dr. Katavari without prejudic

25 Dated:  April 11, 2008.

                    EDMUND F. BRENNAN
26                     UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MADDALONE,

      Plaintiff,                    No. CIV S-07-1828 MCE EFB P

   vs.

SOLANO COUNTY, et al.,

      Defendants.          <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

                              /

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _1_     completed summons form

        _6_     completed forms USM-285

        _7_     copies of the _September 5, 2007_ Complaint

Dated:

                                                       Plaintiff