IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MADDALONE,

        Plaintiff,                     No. CIV S-07-1828 MCE EFB P

  vs.

SOLANO COUNTY, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

                             /

       Plaintiff is a prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has filed an affidavit which contains a request "for continuance of 6 months." Dkt No. 21. Apart from plaintiff's request for a stay, defendants have filed a Notice of Automatic Stay, Dkt No. 16, asserting that the claims in this case are subject to the automatic stay under the Bankruptcy Code, 11 U.S.C. §§ 362 and 922. Defendants have not opposed plaintiff's request for a 6 month stay. For the reasons explained below, the court finds that the automatic bankruptcy stay is not applicable to the claims brought against the defendants in this action. Further, the court recommends that plaintiff's request for a six month stay be denied.

**I.    Plaintiff's Request for a Stay**

       In his affidavit, plaintiff states that during the six months that he is requesting the stay, he will be sentenced and moved from a county jail facility to a state prison facility. He asserts that

1

he has been denied access to the law library, which in any event is inadequate. He also asserts that he has been denied access to his legal materials and informed that their whereabouts are unknown. In support of the latter assertion, he attaches a copy of a written request for his materials and a response. Pl.'s Aff., at 3. This document shows that plaintiff requested access to his two boxes of legal materials, to which an officer responded, "[w]here is your legal work stored at?" *Id*. He does not identify what specific deadline he wants continued and no imminent deadlines are apparent from the docket sheet. Rather, it appears that he is requesting that this action simply be stayed for a period of six months. Prisoners' property ordinarily is confiscated when a prisoner is transferred from one facility to another. There is no evidence that the property actually is lost. Instead, the evidence shows that three days after his transfer[1], a single officer did not know where it was stored. Furthermore, plaintiff does not demonstrate that his access to the law library is restricted any more than that of other prisoners or that this restriction has interfered with his ability to litigate this matter. Accordingly, there does not appear to be any reason to stay this action pursuant to plaintiff's request.

**II.     Defendants' Request for a Stay**

Plaintiff's complaint named the County of Solano and various other defendants in their individual capacity on the ground that they allegedly violated plaintiff's Constitutional rights. The claims against the County, however, have been dismissed. Defendants filed their answer together with a "Notice of Automatic Stay," asserting that because the City of Vallejo is responsible for defending the individual defendants in this matter, and because the City has filed a bankruptcy petition under chapter 9 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*., this case is automatically stayed pursuant to 11 U.S.C. § 362. This court disagrees.[2]

---

[1] Plaintiff notified the court that as of October 7, 2008, he resided at the San Diego County Jail. Dckt. 20. He requested access to his legal materials on October 9, and the officer responded on October 10.

[2] Although this court previously concluded that the automatic stay applied in an action brought against the City of Vacaville and its officers, *see Williams v. Kenney,* CIV S-07-0100

2

The City's bankruptcy petition was filed under Chapter 9 of the Bankruptcy Code. Section 922, like Section 362(a)(1), operates to stay all actions against a debtor who has filed a bankruptcy petition. *White v. City of Santee (In re White)*, 186 B.R. 700, 703 (B.A.P. 9th Cir. 1995). The automatic stay provisions of § 362(a)(1) ordinarily apply only to actions against the debtor. *In re Family Health Servs.*, 105 B.R. 937, 942 (Bankr. C.D. Cal. 1989). Section 922 expands the provisions of section 362 to prohibit the bringing or continuing of an action against "an officer" of the debtor on account of a prepetition debt. *See Collier on Bankruptcy*, at 922.01-922.02. Here, the City is not and never was a defendant in this action. Moreover, this action does not present a claim against an officer of the City on account of a prepetition debt and section 922 has no application.[3]

The automatic stay provision of section 922(a) is in addition to and not in lieu of the stay provision of section 362. *Collier on Bankruptcy*, at 922.02. Although section 362(a)(1) has been applied to stay actions against non-debtor third parties in "unusual circumstances," *In re Family Health Servs.*, 105 B.R. at 942, the claims asserted in this action present no such special circumstances. For example, the Central District of California found the stay applicable where the non-debtor third party is entitled to absolute indemnity from the debtor under circumstances such that the debtor is, in effect, the real party defendant. *Id.* (*citing A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1001-02 (4th Cir. 1986)). Further, § 362(a)(3) provides for an automatic stay of any act, whether against the debtor or third parties, to obtain possession or to exercise control over property of the debtor. *Id.* (*citing* 11 U.S.C. § 362(a)(3)). Property of the estate is

---

LKK EFB PS, the court revisits the question here, where the complaint at no time included a claim against the City.

[3] It appears from the complaint that the defendants are County employees. Defendants assert that the City of Vacaville is providing their defense pursuant to Cal. Gov't Code § 995 (West 1995). Section 995 requires a public entity to defend its employees in civil actions for acts or omissions occurring within the scope of their employment, regardless of whether they are named in their individual or official capacities. Further, if the action results in a judgment adverse to the employee, or settles, the public entity must indemnify the employee for the amount of the judgment or settlement. *See* Cal. Gov't Code § 825(a) (West 1995).

defined in § 541 as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  The claims advanced here neither involve control over property of the City nor present circumstances such that the City is, in effect, the real party defendant.  Rather, the claims are against individuals, who may, if held liable, have a claim against the City for indemnity and their status would be similar to any other creditors presenting a claim under the Bankruptcy Code.  Accordingly, § 362(a) has no application to this action.

### III. Conclusion

Accordingly, it is hereby recommended that:

1. Plaintiff's November 3, 2008, request for a continuance, construed as a request for a six month stay, be denied; and,

2. The court find that the automatic stay provisions of 11 U.S.C. §§ 362 and 922 have no application to this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 15 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 5, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE