IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MADDALONE,

     Plaintiff,                       No. CIV S-07-1828 MCE EFB P

     vs.

SOLANO COUNTY, et al.,

     Defendants.                <u>ORDER</u>

                               /

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On July 8, 2008, the court ordered the United States Marshal to serve the complaint on defendants Bassett, Kent, MacKay, Park, Thompson and Willey. On March 6, 2009, after process directed to defendants Thompson and Willey was returned unserved because county counsel had no record of either defendant, the court directed plaintiff to provide new instructions for service of process upon defendants Thompson and Willey. The court informed plaintiff that he could seek this information through discovery, the California Public Records Act, California Government Code §§ 6250-6270, or any other available means. The court also informed plaintiff that if his access to the required information was denied or unreasonably delayed, he could seek judicial intervention.

////

1

On May 7, 2009, plaintiff requested an extension of time to comply with the court's March 6, 2009 order, and described his efforts to obtain new instructions for service of process on defendants Thompson and Willey. The court granted plaintiff's request on May 15, 2009. Thereafter, on June 19, 2009, plaintiff requested judicial intervention to assist him in obtaining information about where defendants Thompson and Willey can be served with process.

It appears that, despite plaintiff's diligence in seeking the unserved defendants' addresses for service of process, plaintiff has been denied access to that information. Accordingly, the court orders defendants' counsel to, within fourteen days of the date of this order, query the Solano County Sheriff's Office to ascertain the whereabouts of defendants Thompson and P. Willey. If counsel is informed of the business address of either defendant, counsel shall, within seven days thereafter, provide the address to plaintiff. Alternatively, if counsel is informed of a residential or private address of either defendant, counsel shall, within seven days thereafter, provide that information in a confidential memorandum to the U.S. Marshal's office for this district. Within thirty days of the date of this order, counsel shall inform the court of the results of the inquiry, including whether, after conducting a good faith inquiry, counsel could not ascertain the address of one or both defendants.

So ordered.

DATED: March 10, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2